UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued December 14, 2005
Decided January 11, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-1270

| | |
|---|---|
| BELINDA MOSS,<br>also known as BELINDA JONES,<br>    *Plaintiff-Appellant,* | Appeal from the United States<br>District Court for the Southern District<br>of Indiana, Evansville Division |
| *v.* | No. 3:03-cv-80-RLY-VSS |
| AMERITECH SERVICES, INC.,<br>also known as SBC/AMERITECH,<br>also known as SBC SMART,<br>    *Defendant-Appellee.* | Richard L. Young,<br>*Judge.* |

**O R D E R**

In January 2001, after working for Ameritech in Chicago for nearly three years, Belinda Moss was transferred to a supervisory position at Ameritech in Evansville, Indiana.  The company discharged her in late 2002.  After exhausting various administrative remedies, Moss sued Ameritech alleging that her termination was the result of race discrimination (she is African-American), sex discrimination, and retaliation in violation of Title VII, 42 U.S.C. § 2000e *et seq.*; age discrimination (she is over 50) in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; and disability discrimination (she has asthma) in violation of the Americans with Disabilities Act ("ADA"), 42

U.S.C. § 12101 *et seq.*  After the district court dismissed her case on summary judgment, Moss filed this appeal which we resolve today.

Ameritech's motion for summary judgment included a list of 50 material facts supported by citations to four affidavits, Moss's deposition, and her EEOC complaint.  It stated that Moss was laid off not because of any of the five bases of discrimination alleged, but due to a reduction in force ("RIF").  The RIF, according to Ameritech, required the company to eliminate one out of three managerial positions at the Evansville facility.  Moss was laid off because she had the least amount of supervisory experience and the most performance and attendance problems.

In opposition to Ameritech's motion, Moss relied on numerous facts that, according to her, prove discrimination: she was replaced by a younger white male; a supervisor gave her an African-American Christmas tree-top ornament; she was greeted with "hostility" at the Evansville facility; a fellow employee told her that computer data was "lost" when it was not; she was sent home for wearing a shirt exposing her midriff while white employees wearing equally revealing attire were not sent home; an Ameritech employee came to "check" on her while she was in the hospital; she had to pay her own moving expenses to Evansville while a white male employee was reimbursed for his expenses; her internal employment discrimination complaints were not resolved; and the climate of Evansville aggravated her asthma.  Moss did not explain how these facts demonstrate unlawful discrimination and did not cite applicable law.

In granting summary judgment for Ameritech the district court held that Moss could not make out a prima facie case of race, sex, age, or disability discrimination because she failed to point to any similarly situated white, male, younger, or non-disabled employees that were treated more favorably than her.  Further, the court found that the RIF was a legitimate, non-discriminatory reason for Ameritech's termination of Moss, and that she failed to show this reason was a pretext for discrimination.  Regarding the disability discrimination claim, the district court additionally concluded that Moss's asthma did not render her disabled.  Finally, the court held that because Moss did not even address Ameritech's arguments that she was not subject to retaliation, Ameritech was also entitled to summary judgment on the retaliation claim.

Moss's brief on appeal is somewhat unfocused.  The following examples are representative of the brief as a whole: "The District Court erroneously, even to the point of bias, has required direct and beyond a reasonable doubt proof of everything involved," and "[i]n fact, such a reading could very well require entry of judgment, sua sponte, on the issue of liability for Moss, leaving only the issue of damages open

for trial." In any event, we have interpreted Moss's brief broadly and in the best possible light.

Moss argues that the district court either "totally ignored" or applied "a totally improper standard of proof" to the evidence presented on the motion for summary judgment. Specifically, she argues that the district court did not properly consider portions of her deposition attached to Ameritech's motion and to her response. Further, she asserts that if the district court properly considered the deposition evidence she and Ameritech provided, "unlawful discrimination" would be shown. To support her argument that the court applied an "improper standard of proof," Moss cites to *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993), and *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133 (2000), asserting that the standard to defeat a motion for summary judgment is low, and that all she needed to do was show that a jury "could" rule in her favor. She also quotes the proposition from *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986), that evidence presented by the non-moving party "is to be believed."

We review a district court's grant of summary judgment *de novo*, viewing all facts in the light most favorable to the non-movant. *See Cardoso v. Robert Bosch Corp.*, 427 F.3d 429, 432 (7th Cir. 2005). However, the non-movant still must set forth specific facts that demonstrate a genuine issue for trial. *See Rozskowiak v. Vill. of Arlington Heights*, 415 F.3d 608, 612 (7th Cir. 2005). Summary judgment is the "put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (internal quotation and citation omitted).

A claim for race, sex, age, or disability discrimination, or one for retaliation can survive summary judgment if the plaintiff provides direct or indirect evidence of discrimination or retaliation. Moss did not indicate to the district court in her opposition brief which method of proof she was employing, and the district court did not analyze her claim under the direct method. On appeal, Moss is similarly unclear. The only mention she makes of direct evidence in her appellate brief is her claim that, if the district court had properly examined the evidence, "even the requirements of direct evidence at the time of trial would have been met." But she does not develop this argument or cite to any legal authority. Even if Moss had used the direct method of proof, "[d]irect evidence essentially requires an admission by the decision-maker that his actions were based on the prohibited animus," *Radue v. Kimberly-Clark Corp.,* 219 F.3d 612, 616 (7th Cir. 2000). Moss has no such evidence.

To the extent that Moss proceeds under the indirect burden-shifting method of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), that argument is

also undeveloped. While she cites three employment discrimination cases that use the indirect method, she neither sets out the elements of a prima facie case nor identifies facts and evidence establishing a prima facie case. *See id.* at 802; *Little v. Ill. Dep't of Revenue*, 369 F.3d 1007, 1011 (7th Cir. 2004). Even if Moss had argued her discrimination claims under the indirect method, she has not, as the district court correctly held, made out the fourth element of her prima facie case: similarly situated employees outside her protected class were not discharged.[1] *See McDonnell Douglas*, 411 U.S. at 802; *Little*, 369 F.3d at 1011; *see also Bellaver v. Quanex Corp.,* 200 F.3d 485, 493-94 (7th Cir. 2000) (discussing prima facie case in context of reduction in force). It is the plaintiff's burden to present admissible evidence of a specific employee outside her protected class who was treated more favorably than she, *Adams v. Wal-Mart Stores, Inc.*, 324 F.3d 935, 939 (7th Cir. 2003), and that employee must be "directly comparable to her in all material respects," *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 680 (7th Cir. 2002); *see Radue,* 219 F.3d at 618.

Moss did not specifically identify—much less present admissible evidence of—any similarly situated employee who was white, male, significantly younger, not disabled, or who had not filed prior discrimination complaints and was not terminated during the RIF. The only time she mentions a potential similarly situated employee is in her opposition brief where she states, without citing to any evidence, that "she was replaced by a white male younger than she." Moss produced no evidence that this employee was comparable to her in all material aspects, *see Ezell v. Potter*, 400 F.3d 1041, 1049-50 (7th Cir. 2005), and her deposition testimony suggests that he had more experience than she. Moss's failure to satisfy the similarly situated prong is fatal to her prima facie case.

AFFIRMED.

---

[1] To the extent that Moss is arguing that events other than her discharge from Ameritech—such as being sent home for wearing a shirt exposing her midriff, having an Ameritech employee come to "check" on her while she was in the hospital, not being reimbursed for moving expenses, or being told by a co-supervisor that data was lost when it was not—constitute adverse employment actions, her arguments fail. *See Traylor v. Brown*, 295 F.3d 783, 788 (7th Cir. 2002); *Tyler v. Ispat Inland, Inc.,* 245 F.3d 969, 972 (7th Cir. 2001).